### CAPE COD COMMERCIAL HOOK FISHERMEN'S ASSOCIATION

v.

**William DALEY, United States Secretary of Commerce, Rolland Schmitten, Assistant Administrator and Andrew Rosenberg, Director Northeast Region, National Marine Fisheries Service**

Civil Action No. 96–11247–RGS.

United States District Court,
D. Massachusetts.

Dec. 14, 1998.

Stephen D. Anderson, Elizabeth F. Mason, Anderson & Kreiger, Cambridge, MA, David Farrell, Jr., Connors & Farrell, South Chatham, MA, for Plaintiffs.

Charles W. Brooks, U.S. Dept. of Justice, Environmental & Natural Resources Div., Washington, DC, Lyn Jacobs, U.S. Dept. of Justice, Wildlife & Marine Resources Section, Washington, DC, for Defendants.

*MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO SET ASIDE NATIONAL MARINE FISHERIES SERVICE'S ACTION APPROVING EXPERIMENTAL SCALLOP FISHERY ON GEORGES BANK*

STEARNS, District Judge.

On June 17, 1996, the Cape Cod Commercial Hook Fishermen's Association (CCCHFA or "plaintiffs"), an organization representing the interests of commercial fishermen operating under Northeast Multispecies Fishing Licenses, filed this lawsuit against the Secretary of Commerce and the administrators of the Northeast Council of the National Marine Fisheries Service (NMFS).[1] CCCHFA seeks to enjoin the defendants from implementing certain provisions of a proposed Amendment[2] to the Northeast Multispecies Fishery Management Plan that CCCHFA considers "unlawful and invalid."

## BACKGROUND

The Fishery Conservation and Management Act (FCMA), popularly known as the Magnuson Act, created eight regional fishery management councils. The New England Fishery Management Council (the "Council") is responsible for formulating management plans for the fisheries located in New England coastal waters. To take effect a plan must be ultimately approved by the Secretary who has the power to issue implementing regulations. The Council's proposed Amendment is intended for submission for the Secretary's review. The CCCHFA, whose members harvest groundfish by long lining and jigging,[3] complains that the proposed Amendment to the plan fails to sufficiently address the interests of hook fishermen. The CCCHFA contends that its more environmentally benign members should not have to compete with draggers for the same target Total Allowable Catch (TAC).

On October 11, 1996, the Sustainable Fisheries Act (SFA) amended the Magnuson Act to require that every management plan be amended to identify "essential fish habitat for the fishery ..., minimize to the extent practicable adverse effects on such habitat caused by fishing, and identify other actions to encourage the conservation and enhancement of such habitat." 16 U.S.C.

---

1. CCCHFA represents that it met the procedural requirements of 16 U.S.C. § 1855(f)(1) by filing this action within 30 days of the Secretary's final rule implementing Amendment 7.

2. The Amendment was designated as Amendment 7 at the time the lawsuit was filed.

3. "Long line" fishing uses suspended lines supporting hundreds of baited hooks. "Jigging" uses chrome-covered lead lures and buoyant rubber lures. These methods account for "a small percentage of the [commercial] groundfish landed in New England." Complaint, at ¶ 4.

§ 1853(a)(7). Regional councils were required to submit proposed amendments to the Secretary by October 11, 1998.

At a scheduling conference on October 31, 1996, the parties agreed to review the impact of the requirements of the SFA on this litigation. At a December 1996 status conference, the Court issued an Order of Reference (pursuant to the "primary jurisdiction doctrine") forwarding the plaintiffs' "remaining issues" for the council's consideration.[4] All further proceedings in the district court were stayed pending the action by Council. In the interim, the court directed the parties to submit periodic status reports regarding proceedings before the Council.[5]

The Council has since authorized a limited experiment to map sea scallop distribution in Closed Area II on Georges Bank.[6] The experiment is privately funded by the Fisheries Survival Fund.[7] Plaintiffs allege that use of scallop dredges operating under Experimental Fishing permits in the fishery will cause habitat damage irreparably harming the plaintiffs' ability to fish in Area II. On August 21, 1998, CCCHFA filed an Emergency Motion to Set Aside NMFS' Action Approving Experimental Scallop Fisheries on Georges Bank. The Court held a hearing on the motion on October 22, 1998. After the hearing, plaintiffs filed a "post-hearing jurisdictional clarification" contending that their "motion does not seek injunctive relief. Rather plaintiffs' motion to set aside is jurisdictionally grounded on [the judicial review section of the Administrative Procedures Act (APA) ]."

---

4. At a conference on December 10, 1996, "the parties agree[d] that many of the plaintiffs' concerns have been addressed by the recently enacted Sustainable Fisheries Act." Order of Reference of December 11, 1996, at 2.

5. The parties submitted status reports to the court on May 8, 1997, October 14, 1997 and April 10, 1998.

6. This area has not been bottom-fished since 1994.

7. On September 9, 1998, the court allowed the Fisheries Survival Fund to Intervene as a defendant in this action.

## DISCUSSION

CCCHFA now contends that its set aside motion does not request injunctive relief, but rather judicial review under § 706 of the APA. Plaintiffs argue that the court should set aside the Experimental Fishing Permits because the NMFS issued the permits without sufficient notice, and permitted the scallop mapping experiment to go forward before the comment period had expired.[8] Plaintiffs' Memorandum, at 5–6. 50 C.F.R. § 600.745(b)(3). See also Sweeney Aff., at ¶¶ 6–9. Moreover, plaintiffs argue that the lack of a "habitat" component to the experiment violates the requirements of the SFA. Lastly, plaintiffs assert that the scallop dredges will destroy critical evidence in this case.[9]

The defendants counter that the plaintiffs requested relief must be denied because: (1) it exceeds the allegations of the original Complaint; (2) there is no jurisdictional basis for judicial review; (3) plaintiffs lack standing as they cannot demonstrate any injury in fact; (4) plaintiffs delayed in bringing this motion until after the experimental fishing had begun; and (5) the underlying claims are based upon factual error.

Without evaluating the merits of plaintiffs' arguments, the court must deny the motion for to set aside the issuance of the experimental permits. The Magnuson Act, at 16 U.S.C. § 1855(f)(1)(A), prohibits injunctive relief, expressly precluding a court from "issu[ing] ... process to postpone the effective date of an agency action or to preserve status or rights pending the review proceedings." *Kramer v. Mosbacher*, 878 F.2d 134, 137 (4th Cir.1989) (quoting 5 U.S.C. § 705).

---

8. NMFS published notice on June 30, 1998, of an experimental fishery and rotational openings of Closed Area II to scalloping. See 63 Fed.Reg. 35,560. The public comment period ran until August 31, 1998. Apparently, the experiment began on August 20, 1998. Plaintiffs' Brief, at 5.

9. Plaintiffs state that they are not opposed to all dragging, particularly on soft-bottom habitats. However, the area of Georges Bank where the experiment is being conducted is a hard-bottom habitat.

Nor can the court set aside the permits pursuant to review under the APA. CCCHFA's "clarifying" motion is brought under 16 U.S.C. § 1855(f), one of two provisions in the Magnuson Act authorizing judicial review.[10] Section 1855(f) provides that: "[r]egulations promulgated by the Secretary under this chapter shall be subject to judicial review to the extent authorized by, and in accordance with, chapter 7 of Title 5, if a petition for such review is filed within 30 days after the date on which the regulations are promulgated; except that ..., and (B) the appropriate court shall only set aside any such regulation on a ground specified in section 706(2)(A), (B), (C), or (D) of such Title."

The issuance of the experimental fishing permits, though undertaken as part of the Council's formulation of its recommendations to the Secretary for changes in the management plan, is not an action that has been "approved" by the Secretary and put into effect "by regulation." 16 U.S.C. § 1855(d). Thus, the court has no jurisdiction to set aside the permits under 5 U.S.C. § 706(2)(A)–(D).[11]

### ORDER

Plaintiffs' Motion to Set Aside National Marine Fisheries Service's Action Approving Experimental Scallop Fishery on Georges Bank is *DENIED*.

SO ORDERED.

---

**10.** The other is § 1861(d).

**11.** Plaintiffs insist that they are not seeking injunctive relief. This insistence is disingenuous as a court order "setting aside" the issuance of the permits would, of course, be injunctive in nature.

Moreover, § 1855(f)(1)(B) eliminates the court's authority under 5 U.S.C. § 706(2)(E) to set aside agency actions unsupported by substantial evidence which, in effect, is what plaintiffs are urging here.